# UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

| | |
|---|---|
| RONNELL LAMONT PULLEY,<br>Appellant, | DOCKET NUMBER<br>PH-1221-19-0009-W-1 |
| v. | |
| DEPARTMENT OF JUSTICE,<br>Agency. | DATE: July 19, 2024 |

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

<u>Ronnell Lamont Pulley</u>, Millville, New Jersey, pro se.

<u>Ted Booth</u>, Washington, D.C., for the agency.

### BEFORE

Cathy A. Harris, Chairman
Raymond A. Limon, Vice Chairman
Henry J. Kerner, Member*

\*Member Kerner did not participate in the adjudication of this appeal.

### FINAL ORDER

The appellant has filed a petition for review of the initial decision, which dismissed his individual right of action (IRA) appeal for failure to prosecute. For the reasons set forth below, the appellant's petition for review is DISMISSED as untimely filed without good cause shown. 5 C.F.R. § 1201.114(e), (g).

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

## BACKGROUND

The appellant, through his attorney representative, filed this IRA appeal with the Board. Initial Appeal File (IAF), Tab 2 at 1-6. As discussed in the initial decision, the appellant appeared to abandon his case after his attorney withdrew from representing him and after he requested a hearing. IAF, Tab 39, Initial Decision (ID) at 1-2. Without holding the requested hearing, the administrative judge issued an initial decision dismissing the IRA appeal for failure to prosecute. ID at 1, 3.

The appellant has filed a petition for review. Petition for Review (PFR) File, Tab 1. The agency has filed a response. PFR File, Tab 3.

## DISCUSSION OF ARGUMENTS ON REVIEW

<u>The appellant has failed to show good cause for the 1-day delay in filing his petition for review.</u>

Generally, a petition for review must be filed within 35 days after the date of issuance of the initial decision or, if the petitioner shows that he received the initial decision more than 5 days after the date of issuance, within 30 days after the date he received the initial decision. 5 C.F.R. § 1201.114(e). Here, the administrative judge informed the appellant that the initial decision would become the Board's final decision on December 19, 2019, unless a petition for review was filed by that date. ID at 3. The administrative judge further informed the appellant that, if he received the initial decision more than 5 days after the date of issuance, he could file a petition for review within 30 days after the date of receipt. *Id.* The record reflects that the appellant received the initial decision on November 14, 2019, the date of issuance.[2] ID at 1; IAF, Tab 40; *see* 5 C.F.R. § 1201.14(m)(2) (2019) (providing that Board documents served electronically on registered e-filers are deemed received on the date of electronic submission).

---

[2] The certificate of service reflects that, on November 14, 2019, the initial decision was served electronically by email on the appellant, who had registered as an e-filer. IAF, Tab 1 at 2, Tab 2 at 2, Tab 40; *see* 5 C.F.R. § 1201.14(j)(1) (2019) (providing for the electronic service of Board documents on e-filers).

The appellant does not argue otherwise.  PFR File, Tab 1 at 3, 5.  Thus, the deadline for filing a petition for review was December 19, 2019, the 35th day after the date of issuance of the initial decision.  *See* 5 C.F.R. § 1201.114(e).

The appellant filed a petition for review on December 20, 2019, one day past the filing deadline.[3]  PFR File, Tab 1.  In an acknowledgment letter, the Office of the Clerk of the Board notified the appellant that his petition for review was untimely filed and that he could file a motion with the Board to accept his filing as timely and/or to waive the time limit for good cause.  PFR File, Tab 2 at 1-2.  The letter further stated that such a motion must be sent by January 7, 2020.  *Id.* at 2.  The appellant has not filed any argument or evidence in response to the Clerk of the Board's notice regarding the timeliness of his petition for review.

The Board may waive the time limit for filing a petition for review upon a showing of good cause for the untimely filing.  5 C.F.R. §§ 1201.12, 1201.114(g).  To establish good cause, the appellant must show that he exercised due diligence or ordinary prudence under the particular circumstances of the case.  *Alonzo v. Department of the Air Force*, 4 M.S.P.R. 180, 184 (1980).  To determine whether an appellant has shown good cause, the Board will consider the length of the delay, the reasonableness of his excuse and his showing of due diligence, whether he is proceeding pro se, and whether he has presented evidence of the existence of circumstances beyond his control that affected his ability to comply with the time limits or of unavoidable casualty or misfortune which similarly shows a causal relationship to his inability to timely file his petition.  *Moorman v. Department of the Army*, 68 M.S.P.R. 60, 62-63 (1995), *aff'd*, 79 F.3d 1167 (Fed. Cir. 1996) (Table).

---

[3] The appellant simply claims on review, "The filing was made on the 18th."  PFR File, Tab 1 at 3.  We find that this conclusory statement, without more, is insufficient to rebut the fact that his petition for review shows that the date of electronic submission was December 20, 2019.  PFR File, Tab 1; *see* 5 C.F.R. §§ 1201.4(*l*) (providing that the date of filing by e-filing is the date of electronic submission), 1201.14(m)(1) (2019) (same).

In his petition for review, the appellant raises the following arguments: it has been difficult to attend to this case due to personal circumstances such as martial separation, homelessness, unemployment, a pending decision on his claim for Social Security Disability Insurance benefits, and having to support his family of three young children and a wife; his attorney withdrew from representation primarily due to financial reasons but he continues to seek representation; he asks for another opportunity to be compensated for the mental and other suffering he endured as a result of his wrongful termination and unfair treatment by the agency; his reputation has been destroyed and he has lost 15 years of good service as a reservist in the Air National Guard; and granting a petition for review would express the Board's support for military families like his and would promote justice and freedom.[4] PFR File, Tab 1 at 5-6.

Although the appellant's pro se status and the minimal length of his 1-day filing delay weigh in favor of finding good cause, we find that they are outweighed by the remaining *Moorman* factors. *See, e.g.*, *Ellison v. U.S. Postal Service*, 45 M.S.P.R. 244, 245 & n.4, 246 (1990) (finding no good cause for the pro se appellant's 2-day delay in filing a corrected petition for review when, among other things, he was unable to find a job, he was unable to find counsel, and there was a pending foreclosure on his home). The appellant's claims regarding personal and financial difficulties and his inability to retain counsel do not establish good cause. PFR File, Tab 1 at 5; *see Tamayo v. Office of Personnel Management*, 88 M.S.P.R. 685, ¶ 7 (2001) (finding that the inability to secure a representative and financial difficulty do not establish good cause); *Crisp v. Department of Veterans Affairs*, 73 M.S.P.R. 231, 234 (1997) (finding no good

---

[4] It is unclear whether some of the appellant's arguments on review address his apparent failure to prosecute the initial appeal or the untimeliness of his petition for review. PFR File, Tab 1 at 5. However, given his pro se status, we will liberally construe such arguments as addressing the untimeliness of his petition for review. *See, e.g.*, *Melnick v. Department of Housing and Urban Development*, 42 M.S.P.R. 93, 97-98 (1989) (observing that parties without legal representation are not required to plead issues with precision), *aff'd*, 899 F.2d 1228 (Fed. Cir. 1990) (Table).

cause when the appellant stated that he was going through divorce proceedings, was involved in a lawsuit, and was seeking employment to avoid incarceration for apparently failing to pay child support).  Although the appellant generally claims that he has been diagnosed with mental health conditions, he has not alleged that they hindered his ability to make a timely filing.[5]   PFR File, Tab 1 at 5. Further, the appellant's arguments on the merits of his termination are not relevant to the untimeliness of his petition for review.  *Id.* at 5-6; *see Marasco v. U.S. Postal Service*, 66 M.S.P.R. 555, 558 (1995).  In addition, the appellant has not presented any evidence of circumstances beyond his control or of unavoidable casualty or misfortune that prevented him from timely filing a petition for review. Therefore, under the particular circumstances of the case, we find that the appellant has failed to establish good cause for his untimely filing.

Accordingly, we dismiss the petition for review as untimely filed.  This is the final decision of the Merit Systems Protection Board regarding the timeliness of the petition for review.  The initial decision remains the final decision of the Board regarding the failure to prosecute the IRA appeal.

### NOTICE OF APPEAL RIGHTS[6]

You may obtain review of this final decision.  5 U.S.C. § 7703(a)(1).  By statute, the nature of your claims determines the time limit for seeking such review and the appropriate forum with which to file.  5 U.S.C. § 7703(b). Although we offer the following summary of available appeal rights, the Merit Systems Protection Board does not provide legal advice on which option is most appropriate for your situation and the rights described below do not represent a statement of how courts will rule regarding which cases fall within their

---

[5]  The appellant received explicit information regarding the legal standard for establishing good cause based on an illness.  PFR File, Tab 1 at 3, Tab 2 at 7 n.1; *see Lacy v. Department of the Navy*, 78 M.S.P.R. 434, 437-38 (1998).

[6] Since the issuance of the initial decision in this matter, the Board may have updated the notice of review rights included in final decisions.  As indicated in the notice, the Board cannot advise which option is most appropriate in any matter.

jurisdiction. If you wish to seek review of this final decision, you should immediately review the law applicable to your claims and carefully follow all filing time limits and requirements. Failure to file within the applicable time limit may result in the dismissal of your case by your chosen forum.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case. If you have questions about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

**(1) Judicial review in general**. As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S. Court of Appeals for the Federal Circuit, which must be received by the court within **60 calendar days** of the date of issuance of this decision. 5 U.S.C. § 7703(b)(1)(A).

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C. 20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The

Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

(2) **Judicial or EEOC review of cases involving a claim of discrimination**.  This option applies to you only if you have claimed that you were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination.  If so, you may obtain judicial review of this decision—including a disposition of your discrimination claims—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** after you receive this decision.  5 U.S.C. § 7703(b)(2); *see Perry v. Merit Systems Protection Board*, 582 U.S. 420 (2017).  If you have a representative in this case, and your representative receives this decision before you do, then you must file with the district court no later than **30 calendar days** after your representative receives this decision.  If the action involves a claim of discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any requirement of prepayment of fees, costs, or other security.  *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of your discrimination claims only, excluding all other issues.  5 U.S.C. § 7702(b)(1).  You must file any such request with the EEOC's Office of Federal Operations within **30 calendar days** after you receive this decision.  5 U.S.C. § 7702(b)(1).  If you have a representative in this case, and your representative receives this decision before you do, then you must file

with the EEOC no later than **30 calendar days** <u>after your representative receives</u> this decision.

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C.  20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, N.E.
Suite 5SW12G
Washington, D.C.  20507

**(3) <u>Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012</u>**. This option applies to you <u>only</u> if you have raised claims of reprisal for whistleblowing disclosures under 5 U.S.C. § 2302(b)(8) or other protected activities listed in 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D). If so, and your judicial petition for review "raises no challenge to the Board's disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8), or 2302(b)(9)(A)(i), (B), (C), or (D)," then you may file a petition for judicial review either with the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction.[7]  The court of appeals must <u>receive</u> your petition for

---

[7] The original statutory provision that provided for judicial review of certain whistleblower claims by any court of appeals of competent jurisdiction expired on December 27, 2017.  The All Circuit Review Act, signed into law by the President on July 7, 2018, permanently allows appellants to file petitions for judicial review of MSPB decisions in certain whistleblower reprisal cases with the U.S. Court of Appeals for the Federal Circuit or any other circuit court of appeals of competent jurisdiction. The All Circuit Review Act is retroactive to November 26, 2017.  Pub. L. No. 115-195, 132 Stat. 1510.

review within **60 days** of the <u>date of issuance</u> of this decision. 5 U.S.C. § 7703(b)(1)(B).

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C. 20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

FOR THE BOARD:          *Gina K. Grippando*
                     _____
                     Gina K. Grippando
                     Clerk of the Board

Washington, D.C.